UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RANDOLPH THOMAS, )
                 )
    Plaintiff,   )
                 )
    v.           )    Civil Action No. 08-0628
                 )
THE UNITED STATES OF AMERICA )
et al.,          )
                 )
    Defendants. )

MEMORANDUM OPINION

Before the Court is the plaintiff's *pro se* complaint and now-completed application to proceed *in forma pauperis*. The application will be granted, but the complaint will be dismissed for lack of subject matter jurisdiction.

Plaintiff sues the United States, the Supreme Court, and the Congress of the United States for $700 million in damages, alleging that his Second Amendment right to bear arms was violated when he was arrested (although not prosecuted) for possession of a firearm. Plaintiff has not identified the sovereign authority under which he was arrested. Neither has he identified a defendant that is subject to suit for the alleged constitutional violation. Sovereign immunity bars all suits against the United States, except when there has been a statutory waiver of such immunity. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (explaining that the United States, as sovereign, is immune from suit except where it consents to be sued, and that a waiver of sovereign immunity cannot be implied but must be expressed with clear congressional intent). The United States has not waived its sovereign immunity with respect to constitutional tort claims. *Clark v. Library of Congress*, 750 F.2d 89, 103 n. 31, 104 (D.C.Cir.1984) (in suit

against Library and Librarian of Congress for violation of First Amendment rights, court held that sovereign immunity barred suit for money damages against Library and Librarian acting in his official capacity); *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir.1982) (holding that the United States and its agencies enjoyed sovereign immunity from constitutional tort claim). In addition, judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity . . . ." *Sindram v. Suda*, 986 F.2d 1459, 1460 (1993) (citing *Mireles v. Waco,* 502 U.S. 9 (1991) (*per curiam*) ("A long line of this Court's precedents acknowldeges that, generally a judge is immune from a suit for money damages."). Finally, "the Speech or Debate Clause immunizes Congressmen from suits for either prospective relief or damages" when they are acting in their legislative capacity. *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719, 731 (1980) (citing *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502-503 (1975)).

A final order accompanies this memorandum opinion.

DATE: 5/8/08

United States District Judge